CLD-338                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4707
_____

ROBERT BENCHOFF,
                                    Appellant

v.

MATTHEW FOGAL, District Attorney Franklin County;
DOUGLAS HERMAN, P.J. Franklin County
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1-13-cv-01216)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 7, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Filed: August 13, 2014)
_____

OPINION
_____

PER CURIAM

    Robert Benchoff, a Pennsylvania prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of

the United States District Court for the Middle District of Pennsylvania dismissing his

civil rights action against President Judge Douglas Herman of the Franklin County Court

of Common Pleas and District Attorney Matthew Fogal.  For the reasons that follow, we will affirm the judgment of the District Court.

In 1995, Benchoff was sentenced in the Franklin County Court of Common Pleas on convictions for interference with custody of children and burglary.[1]  As part of his sentence, Benchoff was prohibited from contacting his wife and children without a court order allowing visitation.  On direct appeal, the Pennsylvania Superior Court vacated Benchoff's sentence for burglary and he was resentenced in 1998.  The sentence also includes a no-contact provision.  The Superior Court affirmed the judgment, and the Pennsylvania Supreme Court denied allowance of appeal in 2001.

In 2004, Benchoff filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA") challenging the no-contact provision of his sentence.  The trial court ruled, among other things, that it lacked jurisdiction to entertain the petition because it was untimely.  The court also stated that Benchoff's claim lacked arguable merit because the no-contact provision was within the sentencing court's discretion.

More than five years later, in 2010, Benchoff filed a motion for extraordinary relief in state court seeking the removal of the no-contact provision from his sentence.  Construing the filing as a post-sentence motion, the trial court ruled that it lacked jurisdiction because the motion was untimely filed.  The trial court also concluded that

---

[1]We have ascertained the relevant procedural history from the state court documents attached to Benchoff's complaint.

Benchoff's challenge to a discretionary aspect of his sentence was not cognizable under the PCRA, that the motion lacked merit because the facts surrounding the crime support the imposition of the no-contact order, and that Benchoff's constitutional right of association was not violated.

On appeal, the Pennsylvania Superior Court agreed that the trial court lacked jurisdiction to modify Benchoff's sentence, but found it more appropriate to treat the motion as a PCRA petition. The Superior Court ruled that the petition was untimely under the PCRA. The Superior Court rejected Benchoff's arguments that the PCRA does not apply to him because it was enacted after he was sentenced, and that the statute's retroactive application violates the Ex Post Facto Clause. The Pennsylvania Supreme Court denied Benchoff's petition for allowance of appeal. Benchoff also unsuccessfully sought authorization from this Court pursuant to 28 U.S.C. § 2244(b) to file a second or successive habeas petition challenging the legality of his sentence.

Benchoff then filed his present complaint pursuant to 42 U.S.C. § 1983 in District Court against Judge Herman, who presided over both of Benchoff's motions, and Fogal, who represents the Commonwealth of Pennsylvania. Benchoff re-framed his claims. He no longer challenges the legality of the no-contact provision or seeks a modification of his sentence. Instead, Benchoff challenges only his inability to have his motion heard in state court as a result of the application of the PCRA's statute of limitations. He seeks a declaration by the District Court that the state court has jurisdiction to entertain his

3

motion, or a declaration that the retroactive application of the PCRA's statute of limitations to his motion violates the Ex Post Facto Clause.

Judge Herman and Fogal moved to dismiss the complaint on various grounds. The Magistrate Judge concluded that the District Court lacked subject matter jurisdiction over Benchoff's claims under the Rooker-Feldman[2] doctrine. In the alternative, the Magistrate Judge concluded that Judge Herman and Fogal are immune from liability, that Benchoff's action is time-barred, and that Benchoff fails to state a claim for a violation of the Ex Post Facto Clause. The District Court adopted the Magistrate Judge's recommendation to grant the motions to dismiss Benchoff's complaint. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We first consider whether the District Court lacked jurisdiction under Rooker-Feldman. Our standard of review is de novo. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, et al., 615 F.3d 159, 163 (3d Cir. 2010).

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments. Great Western, 615 F.3d at 165. Rooker-Feldman requires that "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting

---

[2]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

the district court to review and reject the state judgments." Id. at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

These requirements are met to the extent Benchoff challenges the state court decisions that his motions are untimely under the PCRA. Benchoff lost in state court when the state courts twice ruled that his PCRA motions were untimely. Benchoff also complains of injuries caused by the state court orders. He contends that his right to due process was violated "because the state did not evaluate [his] petitions seeking contact with his children against the law in place at the time of sentencing and in accordance with the rights established in the sentences, . . . ." Compl. at 9. He also claims violations of his rights to freedom of association and access to the courts because the application of the PCRA's statute of limitations to his motions precludes him from serving his sentence as envisioned by the sentencing court. Benchoff avers that the sentencing court intended that he would be able to seek to modify the no-contact provision any time before his sentence expired.

As recognized by the District Court, the state court rulings are the source of Benchoff's alleged injuries. He does not complain that a third party violated his rights. See Great Western, 615 F.3d at 166-67. In addition, his alleged injuries did not exist prior to the state court proceedings. Id. at 167. Benchoff's claims in this regard do not present an independent challenge to the constitutionality of the PCRA's statute of limitations, but challenge the state court's application of the statute to the facts of his case. See Alvarez v Att'y Gen., 679 F.3d 1257, 1263-64 (11th Cir. 2012) (holding

Rooker-Feldman barred an as-applied due process claim).  The state court orders were issued before Benchoff filed his civil rights action, and he invites the District Court to review them in conjunction with his sentencing orders, and reject them by declaring, contrary to the state court, that the court has jurisdiction to entertain his motion.  We thus agree with the District Court that Rooker-Feldman bars these claims.  To the extent Benchoff claims that the PCRA's statute of limitations violates the Ex Post Facto Clause, we find no error in the District Court's ruling that Benchoff fails to state a claim for such a violation.[3]

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.[4]

---

[3]Based on these conclusions, it is unnecessary to address the District Court's additional grounds for dismissal of the complaint.

[4]Because Benchoff has narrowly framed the claims in his complaint to challenge the state court's application of the PCRA's statute of limitations to his motions, we have not considered what avenues of relief may be available to Benchoff to challenge the constitutionality of the no-contact order.  That question is not before us in this appeal.